496 F.2d 857
 181 U.S.P.Q. 739
 CASTLE & COOKE, INC., Plaintiff-Appellant,
v.
Donald H. WILLIAMS, Individually, and doing business as
Deseret Supply Co., Defendants-Appellees.
CASTLE & COOKE, INC., Plaintiff-Appellee,
v.
Donald H. WILLIAMS, Individually, and doing business as
Deseret Supply Co., Defendants-Appellants.
 Nos. 71-2872, 71-3063.
 United States Court of Appeals, Ninth Circuit.
 April 23, 1974.
 
 Charles E. Wills (argued), of Wills, Green & Mueth, Los Angeles, Cal., Edward G. Fenwick, Jr., of Mason, Fenwick & Lawrence, Washington, D.C., for Castle & Cooke, Inc.
 R. Douglas Lyon (argued), of Lyon & Lyon, Los Angeles, Cal., for Donald H. Williams.
 Before CHAMBERS and SNEED, Circuit Judges, and KING,* District judge.
 OPINION
 CHAMBERS, Circuit Judge:
 
 
 1
 Castle & Cooke, owner and operator of Bumble Bee Seafoods, brought this action against Williams, doing business as Deseret Supply Company, alleging that several marks used by Deseret on various food products infringed trademarks for which Castle & Cooke held exclusive rights. The district court enjoined Deseret from using its design of a 'humanized'[1] bee on seafood roducts but entered judgment for Deseret on the remainder of Castle & Cooke's claims. Castle & Cooke appealed and Williams cross-appealed.
 
 
 2
 This case is controlled primarily by the law compiled in Paul Sachs Originals Co. v. Sachs, 325 F.2d 212 (9th Cir. 1963). Accordingly, we find the market for Deseret's poducts sufficiently isolated from the market for Bumble Bee Seafoods' products to have allowed the district court, on that basis alone, to deny relief to Castle & Cooke. We limit our decision to that aspect of the case and express no opinion on whether any of the Deseret marks involved in this case, except the design of the 'humanized' bee, might infringe or unfairly compete with any of Castle & Cooke's registered trademarks if their markets begin to overlap significantly. It is also unnecessary at this time to decide whether Castle & Cooke has any common law trademark rights in the 'Bumble Bee' mark[2] and, if so, whether any of Deseret's marks might infringe or unfairly compete with that mark under the right market conditions.
 
 
 3
 Despite the insignificant overlap in the markets, a review of the other determinants prescribed in Sachs, supra, dissuades us from overruling the district court's finding that Deseret's design of a 'humanized' bee[3] infringed Castle & Cooke's design of a 'humanized' bee. We are particularly influenced by the strong similarity between the designs and the circumstances under which Deseret adopted its design.
 
 
 4
 Once infringement was established in regard to the design of the 'humanized' bee, the district court should have enjoined the mark on all food poducts. See Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 159-160 (9th Cir. 1963).
 
 
 5
 This case is remanded with instructions to enter an order extending the scope of the current injunction to all food products. Otherwise, the judgment is affirmed.
 
 
 6
 Each side will bear its own costs here.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 The 'humanized' bees involved in this case are caricatures of bees with human characteristics. For example, Castle & Cooke's bee has a human-shaped head and body as well as human-like hands, feet and facial features. He is attired in slacks and a black and yellow striped shirt. Deseret's bee has similar head and torso shapes and facial features. She sports a black and yellow striped dress-like garment
 While there is an apparent difference in the sex of the two bees, use of the big 'humanized' bee by Deseret seems to be pirating and inexcusable.
 
 
 [2]
 In its complaint Castle & Cooke alleges that it had exclusive common law trademark rights to the 'Bumble Bee' mark, but that claim disappeared in the pretrial stages of the case and was never tried. If the proper market conditions develop, it will, of course, have the right to reassert that claim
 
 
 [3]
 Another mark applied to food products by Deseret is the design of a beehive with a swarm of bees around it. This decision does not prohibit Deseret from using that mark with the minuscule bees flitting around the Deseret hive